UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL L. GARCIA and JOEL GARCIA ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> MICHAEL LUISI DBA ROUTE 69 AUTO ) <br> SALES & SERVICE, SHAWNA RENNA, ) <br> AND UNITED BUSINESS & INDUSTRY ) <br> FEDERAL CREDIT UNION ) <br>     Defendants ) <br> _____ ) | CIVIL ACTION NO. <br><br><br><br><br> TRIAL BY JURY DEMANDED <br><br><br><br><br> JANUARY 2, 2015 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by two consumers who purchased an unsafe, previously salvaged motor vehicle with an altered odometer reading. Plaintiffs claim against Michael Luisi d/b/a Route 69 Auto Sales & Service ("Route 69"), a sole proprietorship, Shawna Renna, an employee of Route 69, and United Business & Industry Federal Credit Union ("UBI"), the assignee of a retail installment contract. Claims are asserted under the Federal Odometer Act, 15 U.S.C. § 32701 *et seq.* (the "Odometer Act"), the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.*, Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-101 *et seq.* ("UCC"), the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. § 36a-770 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, and for civil theft under Conn. Gen. Stat. § 52-564.

## II. PARTIES

2. Plaintiff Angel L. Garcia ("Angel") is a natural person residing in Hartford, Connecticut.

3. Plaintiff Joel Garcia ("Joel") is a natural person residing in Hartford, Connecticut.

4. Michael Luisi d/b/a Route 69 Auto Sales & Service ("Route 69") operates a used car dealership as a sole proprietorship in Prospect, Connecticut.

5. Shawna Renna is an employee of Route 69 and is a Connecticut resident.

6. UBI is a federal credit union with offices in Plainville, Connecticut that engages in, the indirect financing of motor vehicle purchases by paying car dealerships such as Route 69 for the assignment of retail installment sales contracts.

## III. JURISDICTION

7. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331.

8. This Court has jurisdiction over the defendants because they are all located in Connecticut.

9. Venue in this Court is proper because the parties are located in Connecticut and the transaction alleged herein occurred in this state.

## IV. FACTUAL ALLEGATIONS

10. On or about September 11, 2014, Plaintiffs purchased a 2002 Acura RSX (the "Vehicle") from Route 69 for a cash price of $6,995 for personal, family, and household use.

11. Prior to the time of purchase, the odometer reading of the Vehicle had been altered to reflect a lesser mileage than the actual mileage on the Vehicle, and after the

2

alteration, the odometer reflected at least 17,737 fewer miles than it had prior to the alteration.

12. The true mileage of the Vehicle is unknown.

13. Additionally, in 2012, the Vehicle was damaged and determined to be a total loss, and the State of New York issued a salvage title for the Vehicle.

14. Subsequently to the salvaging of the Vehicle, attempts were made to repair the Vehicle.

15. Those repair attempts were inadequate, and the Vehicle had unrepaired structural damage, damage to the SRS (airbag) system, damage to the electrical system, poorly fitting body panels, poor quality bodywork, excessive use of body fillers, missing parts, clips, fasteners, prop rod, bolts, and screws, significant oil leaks, and damage to the fire wall (cowl) heat shields, brackets, and cables.

16. Consequently, the Vehicle was not in roadworthy condition and was not safe for operation at the time that Route 69 sold it to Plaintiffs.

17. The value of the Vehicle at the time of sale was only approximately $500.

18. Notwithstanding the Vehicle's unsafe condition, Renna, on behalf of Route 69, executed a Connecticut K-208 Vehicle Inspection Form in which Renna certified under penalty of false statement that the Vehicle had been inspected and that it was deemed to be in condition for legal operation on any highway in Connecticut.

19. The K-208 form further indicated that the Vehicle had passed an inspection of the frame/chassis and airbags.

20. The condition of the Vehicle was such that any automotive professional would recognize the defects.

21. Renna's certification was false in that the K-208 form had been signed without any inspection having been performed or it had been signed notwithstanding knowledge of the Vehicle's defects.

22. Route 69 provided an express warranty that the Vehicle would be mechanically operational and sound for a period of 30 days or 1500 miles.

23. Additionally, Route 69 made an express affirmation in the invoice provided to Plaintiffs that the Vehicle's "MILEAGE AT TIME OF SALE" was 91,789.

24. Route 69 also provided Plaintiffs with an Odometer Disclosure Statement disclosing that the Vehicle's odometer read 91,789 at the time of sale and that the odometer reading reflected the vehicle's actual mileage.

25. Route 69 did not disclose to Plaintiffs that the Vehicle's odometer had been altered and that the true mileage was unknown.

26. Route 69 did not disclose to Plaintiffs that the Vehicle was not roadworthy and was unsafe to operate on public roadways.

27. Route 69 did not disclose that the Vehicle had previously been subject to a salvage title.

28. Plaintiffs needed to finance the purchase, and Route 69 prepared a Retail Installment Contract (the "Contract") that was signed by Plaintiffs and subsequently assigned to UBI.

29. The Contract provides that UBI is subject to claims and defenses that can be asserted against Route 69, up to the amount paid under the Contract.

30. Plaintiffs paid a cash down payment of $500.

31. Only $200 of the $500 deposit was applied to the purchase and was included in the Contract.

32. On information and belief, Renna, Luisi, or another employee or representative of Route 69, retained $300 of the downpayment.

33. Upon discovering the condition of the Vehicle, Plaintiffs, by their counsel, notified Route 69 and UBI on November 26, 2014 that they were revoking acceptance of the Vehicle.

34. Plaintiffs returned possession of the Vehicle to UBI on November 28, 2014.

35. Plaintiffs made written demand regarding their claims upon Route 69, thereby expanding the scope of UBI's liability as assignee pursuant to Conn. Gen. Stat. § 52-572g to include the unpaid balance under the Contract.

## V.  CAUSES OF ACTION

**THE ODOMETER ACT (ROUTE 69 & UBI)**

36. Route 69 has violated the Odometer Act with intent to defraud.

37. Route 69 is liable to Plaintiffs for triple their actual damages caused by the violation or $10,000, whichever is greater.

**BREACH OF EXPRESS WARRANTY (ROUTE 69 & UBI)**

38. Route 69's affirmation that the Vehicle had 91,789 miles constituted an express warranty under the UCC, which warranty has been breached.

39. Additionally, Route 69's statements on the K-208 form constituted an express warranty under the UCC that the Vehicle had been inspected and was safe and roadworthy, which warranty has been breached.

5

40. Plaintiffs are entitled to damages and an order that the revocation of acceptance is valid and effective.

41. Route 69's breaches of express warranty were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiffs' interests and the injury that they sustained, and Plaintiffs are entitled to common law punitive damages.

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(ROUTE 69 AND UBI)**

42. The Vehicle was not fit for the purpose for which motor vehicles are ordinarily used, and Route 69 has breached the implied warranty of merchantability.

43. Additionally, the Vehicle would not pass in trade without objection under the description of a Vehicle with an odometer reading of 91,789, and Route 69 has breached the implied warranty of merchantability.

44. Additionally, the Vehicle would not pass in trade without objection absent disclosure of the prior salvage title, and Route 69 has breached the implied warranty of merchantability.

45. Plaintiffs are entitled to damages and an order that the revocation of acceptance is valid and effective.

46. Route 69's breaches of the implied warranty of merchantability were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiffs' interests and the injury that they sustained, and Plaintiffs are entitled to common law punitive damages.

47. Plaintiffs are further entitled to costs, including a reasonable attorney's fee, pursuant to MMWA.

**CIVIL THEFT (ROUTE 69, UBI, AND RENNA)**

48.  Renna or Route 69, or both, committed larceny by retaining $300 of Plaintiffs' downpayment and not applying it to the purchase price.

49.  Renna or Route 69 or both are liable to Plaintiffs for triple their damages plus common law punitive damages.

**CUTPA (ROUTE 69 AND UBI)**

50.  Route 69 has acted unfairly and deceptively in violation of CUTPA.

51.  Additionally, Route 69's violations of statutes and regulations regarding the sale of motor vehicles constitute per se violations of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23).

52.  Plaintiffs have suffered an ascertainable loss of money and property as a consequence of Route 69's CUTPA violations, entitling them to damages.

53.  Route 69's violations of CUTPA were willful in nature, in bad faith, wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiffs' interests and the injury that they sustained, entitling Plaintiffs to punitive damages.

54.  Additionally, Plaintiffs seek, as an equitable remedy, a rescission of the Contract.

**CUTPA (RENNA)**

55.  Renna has acted unfairly and deceptively in violation of CUTPA by virtue of her false certification on the K-208 form and, if it is demonstrated that she retained the $300, by her theft of Plaintiffs' money.

7

56. Renna's violations of CUTPA were willful in nature, in bad faith, wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiffs' interests and the injury that they sustained, entitling Plaintiffs to punitive damages.

**TRUTH IN LENDING ACT (ROUTE 69)**

57. Route 69, by virtue of its failure to credit the full down payment to the purchase of the Vehicle, did not accurately itemize the amount financed in the disclosures in the contract, thereby violating TILA.

58. Additionally, the $300 paid by Plaintiffs but that was not applied to the purchase would not have been imposed in a comparable cash transaction, because cash transactions do not entail down payments.

59. Consequently, the $300 charge should have been disclosed as a finance charge and included in the computation of the annual percentage rate.

60. Route 69 is liable for statutory damages of $2,000 under TILA.

**RISFA (ROUTE 69 AND UBI)**

61. The violations of TILA, as alleged above, also constitute violations of RISFA, which incorporates TILA's terms.

62. Plaintiffs have restored Route 69 and UBI to their condition prior to the making of the contract by returning the Vehicle to Route 69 and notifying Route 69 and UBI that it had done so.

63. As an alternative to their revocation of acceptance claim, Plaintiffs seek an order that the Contract is rescinded.

**Wherefore, Plaintiffs claim** revocation of acceptance of the Vehicle, or, alternatively, rescission of the contract, and a return of the amounts paid thereunder; treble damages or $10,000, whichever is more, plus attorney's fees and costs pursuant to 15 U.S.C. § 32710; actual damages, consequential damages, and common law punitive damages for breach of warranty claims; attorney's fees and costs pursuant to 15 U.S.C. § 2310(d)(2); actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d); attorney's fees pursuant to Conn. Gen. Stat. § 42-150bb; an order from the Court ordering that Plaintiffs have no continuing obligation under the contract and requiring UBI to request the deletion of any prior credit reporting; and such other relief to which Plaintiffs are, at law, or in equity and by statute entitled to against Route 69 and/or UBI.

PLAINTIFFS, ANGEL L. GARCIA AND JOEL GARCIA

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457